**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:17-cr-211-CEH-JSS

ORLANDO TEJERA

_____

**<u>ORDER</u>**

This matter comes before the Court on Defendant Orlando Tejera's Motion for

Compassionate Release (Doc. 52) and memorandum in support (Doc. 53). The

Government filed a response in opposition (Doc. 54), and Defendant replied (Doc.

55). In the motion, Defendant Orlando Tejera, who is proceeding *pro se*, requests the

Court modify his term of imprisonment to time served due to COVID-19 and his

obesity which places him at increased risk of serious consequences should he contract

the virus. The Court, having considered the motion and being fully advised in the

premises, will deny Defendant's motion for compassionate release.

## I.   Background

On August 4, 2017, Defendant, Orlando Tejera ("Defendant") pleaded guilty

to Count One of the Indictment charging him with being a felon in possession of a

firearm.[1] Docs. 25, 28. On November 2, 2017, the Court sentenced Defendant to 97

---

[1] The underlying felony charges arose from a 2009 conviction of delivering oxycodone within
1000 feet of a school, a 2010 conviction of carrying a concealed weapon, a 2011 conviction
for delivering narcotics within 1000 feet of a school, and carrying a concealed weapon. Doc
54 at 1–2.

months' imprisonment and a term of three years of supervised release. Doc. 42. Defendant, who is 32 years old, is incarcerated in Orlando RRM with an expected release date of March 22, 2023. See https://www.bop.gov/inmateloc/ (last accessed December 9, 2022).

## A.    Defendant's Motion

On October 15, 2020, Defendant moved to modify his sentence to time served. Docs. 52, 53. Specifically, Defendant argues that the proposed modification to his sentence would allow him to protect himself from the outbreak of COVID-19 at the FCI Coleman Low facility.[2] Doc. 52 at 1. Defendant submits he is obese with a body mass index ("BMI") over 30, making him more vulnerable and putting him at an increased risk of developing a severe illness from COVID-19 according to the CDC guidelines. Doc. 53. Defendant cites to other inmates from Coleman that were granted compassionate relief due to the inmate's vulnerabilities in support of his own claim for release. The Defendant also argues that prison facilities in general are ill-equipped to prevent the spread of COVID-19 because they do not permit for social distancing. He relies on Bureau of Prison ("BOP") statistics reflecting an increase of COVID-19 cases at the Coleman facility. *Id* at 3.

## B.    Government's Response

In response, the Government argues the motion should be denied because the Section 3553(a) factors do not support a reduction in his sentence. Doc 54 at 7. The

---

[2] At the time of filing the instant motion, Defendant was incarcerated at Coleman Low.

Government states that even if Defendant could demonstrate extraordinary and compelling reasons for a reduced sentence, he cannot demonstrate that he would not be a danger to the community if released. *Id* at 1. Defendant has been disciplined multiple times since incarceration, including refusing to obey an order and possessing tobacco in prison. *Id* at 3. Defendant's criminal history demonstrates that he has trafficked illegal narcotics into the community for years and that he has repeatedly illegally armed himself, and that such conduct presents a danger to the community. *Id* at 8.

## II.    Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The Court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,*

*whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis. *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing Hamilton in the context of a § 3582(c) motion for compassionate release).

## III.   Discussion

### A.   Administrative Exhaustion

Defendant argues he satisfied administrative exhaustion. Doc 53 at 2. On July 14, 2020, Defendant made a request to the Warden of his facility for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). *Id.* On August 4, 2020, the Warden denied Defendant's request. *Id.* Defendant has exhausted his administrative remedies, and the Court will turn to the merits of Defendant's motion.

### B.   Home Confinement

In Defendant's reply, he alternatively requests the Court release him to home confinement, which would permit Defendant to serve the remainder of his sentence at home. Doc 55. In general, once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to

serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021) (holding that neither § 3624(c)(2) nor the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") give the judiciary any authority to grant an inmate's request for home confinement). Defendant provides no legal authority to support the Court's ability to order home confinement and the Court is not aware of any such legal authority. Thus, this requested relief is due to be denied.

### C.    Extraordinary and Compelling Reason

Defendant argues that his obesity, coupled with the COVID-19 pandemic, constitutes an extraordinary and compelling reason to support early release. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the circumstances, the Court may grant compassionate release. *See id.*

Defendant's stated reason for early release does not fit within the medical condition, age, or family circumstances categories. Thus, he must proceed under the "other reasons" category. This fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Eleventh Circuit recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find the pandemic, coupled with Defendant's obesity, constitutes an extraordinary and compelling reason under the "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

Defendant also alleges that the BOP has been unable to contain the COVID-19 outbreak at FCI Coleman Low. The Court notes that Defendant has been transferred to a different facility since the time the original motion was filed. Defendant is currently in a residential reentry program, thus making this argument moot as it relates to the conditions at Coleman.

### D.   Section 3553(a) Factors

Even if Defendant was able to establish an extraordinary and compelling reason, however, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community and that consideration of the Section 3553(a) factors counsel in favor of release. *See* USSG § 1B1.13(2). The Defendant bears the burden of demonstrating that compassionate relief is warranted based on these criteria. *See generally, Hamilton*, 715 F.3d at 337.

Defendant contends he is not a danger to society because he has changed, and that if he could go back in time to change everything he would. Doc 55.  Defendant claims he is willing to move to Miami to be away from his former associates in the Middle District of Florida. Additionally, Defendant claims he is rehabilitated now and that if released he wants to complete additional drug programs to prevent lapsing. He submits a letter from his former employer who attests that Defendant is hard-working and that he will hire Defendant upon his release. Doc. 56.

As pointed out by the Government, Defendant's history does not support his early release. Doc 54 at 7. After being convicted of multiple felonies, Defendant went back to engaging in the same illegal acts. *Id* at 1-3. As argued by the Government,

Defendant's history belies his claims of rehabilitation as he has chosen to arm himself repeatedly and illegally. Doc 54 at 7. Defendant has also received multiple disciplinary sanctions while imprisoned. Doc 54 at 3.

Defendant fails to demonstrate compassionate release is warranted. The Court has considered the Section 3553(a) factors and determines that they do not weigh in favor of a reduction in sentence, particularly given Defendant's criminal history and disciplinary infractions, thereby failing to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for his offenses.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Motion for Compassionate Relief (Doc. 52) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 9, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties